IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION


BUCKY W. BYERS                                                    PLAINTIFF


    v.                              CIVIL NO. 14-5166


CAROLYN W. COLVIN, Commissioner
Social Security Administration                                    DEFENDANT


## MEMORANDUM OPINION

Plaintiff, Bucky Wayne Byers, brings this action pursuant to 42 U.S.C. § 405(g), seeking

judicial review of a decision of the Commissioner of the Social Security Administration

(Commissioner) denying his claims for a period of disability and disability insurance benefits

(DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI

of the Social Security Act (Act).  In this judicial review, the Court must determine whether there

is substantial evidence in the administrative record to support the Commissioner's decision.  See

42 U.S.C. § 405(g).

## I.    Procedural Background:

Plaintiff protectively filed his current applications for DIB and SSI on July 7, 2011,

alleging an inability to work since March 1, 2004, due to chronic lower back pain, status post left

leg tibia/fibia break, status post right knee ligament repair, status post left Achilles tendon repair,

left eye partial blindness, depression and anxiety.  (Tr. 131, 133, 155).  For DIB purposes,

Plaintiff maintained insured status through March 31, 2006.  (Tr. 12, 139).  An administrative

video hearing was held on April 23, 2013, at which Plaintiff appeared with counsel and testified.

(Tr. 27-66).

By written decision dated August 27, 2013, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 14). Specifically, the ALJ found Plaintiff had the following severe impairments: a disorder of the back, a disorder of the lower extremity, and obesity.  However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4.  (Tr. 16).  The ALJ found Plaintiff retained the residual functional capacity (RFC) to perform the full range of sedentary work as defined in 20 C.F.R. §§ 404.1567(a) and 416.967(a).  The ALJ, with the use of the Medical-Vocational Guidelines (Grids), found Plaintiff was not disabled.  (Tr. 20)

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on April 8, 2014.  (Tr. 1-6).  Subsequently, Plaintiff filed this action.  (Doc. 1).  This case is before the undersigned pursuant to the consent of the parties. (Doc. 6).  Both parties have filed appeal briefs, and the case is now ready for decision.  (Doc. 12; Doc. 13).

The Court has reviewed the entire transcript.  The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

## II.    Applicable Law:

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  The ALJ's decision must be affirmed if the record contains substantial evidence to support it.  Edwards v. Barnhart, 314 F.3d

-2-

964, 966 (8th Cir. 2003).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently.  Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001).  In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity.  Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir.2001); see also 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c).  A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits:  (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national

-3-

AO72A
(Rev. 8/82)

economy given his age, education, and experience.  See 20 C.F.R. §§ 404.1520, 416.920.  Only

if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work

experience in light of his residual functional capacity.  See McCoy v. Schweiker, 683 F.2d 1138,

1141-42 (8th Cir. 1982); 20 C.F.R. §§ 404.1520, 416.920.

## III.    Discussion:

Plaintiff argues the following issues on appeal:  1) the ALJ failed to fully and fairly

develop the record; 2) the ALJ erred in determining Plaintiff's severe impairments; 3) the ALJ

erred in determining Plaintiff's RFC; and 4) the ALJ failed to consult a vocational expert.

### A.    Insured Status:

In order to have insured status under the Act, an individual is required to have twenty

quarters of coverage in each forty-quarter period ending with the first quarter of disability.  42

U.S.C. § 416(i)(3)(B).  Plaintiff last met this requirement on March 31, 2006. Regarding

Plaintiff's application for DIB, the overreaching issue in this case is the question of whether

Plaintiff was disabled during the relevant time period of March 1, 2004, his alleged onset date

of disability, through March 31, 2006, the last date he was in insured status under Title II of the

Act.

In order for Plaintiff to qualify for DIB he must prove that, on or before the expiration

of his insured status he was unable to engage in substantial gainful activity due to a medically

determinable physical or mental impairment which is expected to last for at least twelve months

or result in death.  Basinger v. Heckler, 725 F.2d 1166, 1168 (8th Cir. 1984). Records and

medical opinions from outside the insured period can only be used in "helping to elucidate a

medical condition during the time for which benefits might be rewarded." Cox v. Barnhart, 471

-4-

F.3d 902, 907 (8th Cir.2006) (holding that the parties must focus their attention on claimant's condition at the time she last met insured status requirements).

### B.    Full and Fair Development of the Record

The ALJ has a duty to fully and fairly develop the record. See Frankl v. Shalala, 47 F.3d 935, 938 (8th Cir.1995). The ALJ's duty to fully and fairly develop the record is independent of Plaintiff's burden to press his case. Vossen v. Astrue, 612 F.3d 1011, 1016 (8th Cir.2010). The ALJ, however, is not required to function as Plaintiff's substitute counsel, but only to develop a reasonably complete record. "Reversal due to failure to develop the record is only warranted where such failure is unfair or prejudicial." Shannon v. Chater, 54 F.3d 484, 488 (8th Cir. 1995). "While an ALJ does have a duty to develop the record, this duty is not never-ending and an ALJ is not required to disprove every possible impairment." McCoy v. Astrue, 648 F.3d 605, 612 (8th Cir. 2011).

Plaintiff argues that the ALJ should have more fully and fairly developed the record with respect to his alleged illiteracy and learning disability.  At the administrative hearing held in April of 2013, Plaintiff testified that he attended special education classes and that he could write his name. (Tr. 38).  Plaintiff further testified that he would have someone read the letters sent by his attorney to him. Id.

A review of the record fails to establish that Plaintiff was diagnosed with a learning disability, or that he was illiterate.  The Court would first note that Plaintiff failed to allege illiteracy or a learning disability in his application for benefits.  The evidence further reveals that Plaintiff reported in a Disability Report that he was able to read and write; that he completed the twelfth grade; and that he did not attend special education classes.  (Tr. 154, 156).  In a Function

-5-

Report dated January 9, 2012, Plaintiff indicated that he could drive short distances, shop for groceries and personal needs, and pay his bills. (Tr. 175). Each of these tasks would require some ability to read and perform basic math skills. While Plaintiff did report to Dr. Efird that he was in special education classes in high school secondary to reading problems, Dr. Efird noted that Plaintiff was able to drive familiar routes as he had difficulty reading a map; that he could shop independently; and that he maintained the capacity to perform basic cognitive tasks required for basic work like activities. It is also noteworthy that Dr. Efird diagnosed Plaintiff with moderate depression and anxiety, but he did not diagnose Plaintiff with a learning disability. Furthermore, contrary to Plaintiff's argument that he was unable to perform serial threes (Doc. 12, p. 11), a review of the record reveals that Plaintiff performed serial threes "at a reasonable pace." (Tr. 261). After reviewing the entire record the Court finds the record before the ALJ contained the evidence required to make a full and informed decision regarding Plaintiff's capabilities during the relevant time period. Accordingly, the undersigned finds the ALJ fully and fairly developed the record.

### C.      Plaintiff's Impairments:

At Step Two of the sequential analysis, the ALJ is required to determine whether a claimant's impairments are severe. See 20 C .F.R. § 404.1520(c). To be severe, an impairment only needs to have more than a minimal impact on a claimant's ability to perform work-related activities. See Social Security Ruling 96-3p. The Step Two requirement is only a threshold test so the claimant's burden is minimal and does not require a showing that the impairment is disabling in nature. See Brown v. Yuckert, 482 U.S. 137, 153-54 (1987). The claimant,

-6-

however, has the burden of proof of showing he suffers from a medically-severe impairment at Step Two.  See Mittlestedt v. Apfel, 204 F.3d 847, 852 (8th Cir.2000).

While the ALJ did not find Plaintiff's alleged mental impairments to be severe impairments, the ALJ specifically discussed the alleged mental impairments in the decision, and clearly stated that he considered all of Plaintiff's impairments, including the impairments that were found to be non-severe. See Swartz v. Barnhart, 188 F. App'x 361, 368 (6th Cir.2006) (where ALJ finds at least one "severe" impairment and proceeds to assess claimant's RFC based on all alleged impairments, any error in failing to identify particular impairment as "severe" at step two is harmless); Elmore v. Astrue, 2012 WL 1085487 *12 (E.D. Mo. March 5, 2012); see also 20 C.F.R. § 416.945(a)(2) (in assessing RFC, ALJ must consider "all of [a claimant's] medically determinable impairments ..., including ... impairments that are not 'severe' "); § 416.923 (ALJ must "consider the combined effect of all [the claimant's] impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity").  Thus, the ALJ's finding that Plaintiff's alleged mental impairments are not "severe" impairments does not constitute reversible error.

**D.    Subjective Complaints and Credibility Analysis:**

The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints including evidence presented by third parties that relates to:  (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of his pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of his medication; and (5) functional restrictions.  See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to

-7-

support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole. Id.  As the United States Court of Appeals for the Eighth Circuit observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003).

After reviewing the administrative record,  it is clear that the ALJ properly considered and evaluated Plaintiff's subjective complaints, including the Polaski factors.  A review of the record reveals that Plaintiff was able to take care of his personal needs, prepare simple meals, drive short distances, visit with family and friends, count change and pay bills, and shop for groceries.

With respect to Plaintiff's alleged chronic pain, a review of the record reveals that Plaintiff took only over-the-counter pain medication. See Clevenger v. Soc. Sec. Admin., 567 F.3d 971, 976 (8th Cir.2009) (ALJ may consider that a claimant primarily used only over-the-counter pain-relief remedies to relieve symptoms).  While Plaintiff alleged an inability to seek treatment due to a lack of finances, the record is void of any indication that Plaintiff had been denied treatment due to the lack of funds.  Murphy v. Sullivan, 953 F.3d 383, 386-87 (8th Cir. 1992) (holding that lack of evidence that plaintiff sought low-cost medical treatment from her doctor, clinics, or hospitals does not support plaintiff's contention of financial hardship).  The record further revealed that Plaintiff was able to come up with the funds to purchase cigarettes and alcohol on a consistent basis during the relevant time period.  (Tr. 260, 302).

With regard to Plaintiff's alleged anxiety and depression, as noted by the ALJ, the record failed to demonstrate that Plaintiff sought on-going and consistent treatment from a mental health professional during the relevant time period.  See Gowell v. Apfel, 242 F.3d 793, 796 (8th Cir.

-8-

2001) (holding that lack of evidence of ongoing counseling or psychiatric treatment for depression weighs against plaintiff's claim of disability).

Therefore, although it is clear that Plaintiff suffers with some degree of limitation, he has not established that he was unable to engage in any gainful activity during the relevant time period. Accordingly, the Court concludes that substantial evidence supports the ALJ's conclusion that Plaintiff's subjective complaints were not totally credible.

### E.      The ALJ's RFC Determination:

RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is assessed using all relevant evidence in the record. Id. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of his limitations. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." Id.

In determining that Plaintiff maintained the RFC to perform a full range of sedentary work, the ALJ considered the medical assessments of the examining and non-examining agency medical consultants; Plaintiff's subjective complaints; and his medical records. The Court finds,

AO72A
(Rev. 8/82)

based upon the well-stated reasons outlined in the Defendant's brief, that Plaintiff's argument is without merit, and there was sufficient evidence for the ALJ to make an informed decision. Plaintiff's capacity to perform sedentary work is also supported by the fact that the medical evidence does not indicate that Plaintiff's examining physicians placed restrictions on his activities that would preclude performing the RFC determined.  See Hutton v. Apfel, 175 F.3d 651, 655 (8th Cir. 1999) (lack of physician-imposed restrictions militates against a finding of total disability).  The ALJ also took Plaintiff's obesity into account when determining that he could perform sedentary work.  Heino v. Astrue, 578 F.3d 873, 881-882 (8th Cir. 2009) (when an ALJ references the claimant's obesity during the claim evaluation process, such review may be sufficient to avoid reversal).  Based on the record as a whole, the Court finds substantial evidence to support the ALJ's RFC determination for the relevant time period.

**F.      Use of the Medical Vocational Guidelines (Grids):**

Once Plaintiff has established a *prima facie* case by showing an inability to perform past relevant work, the burden of proof shifts to the Commissioner to show that Plaintiff has the residual functional capacity to perform some other kind of work and that jobs are available in the national economy which realistically fit his capabilities.  Reed v. Sullivan, 988 F.2d 812, 815 (8th Cir. 1993).  If the claimant is found to have only exertional impairments (affecting the ability to perform physical labor), the Commissioner may meet this burden by referring to the Grids which are fact-based generalizations about the availability of jobs for people of varying ages, educational background, and previous work experience, with differing degrees of exertional impairment.  Foreman v. Callahan, 122 F.3d 24, 26 (8th Cir. 1997); Robinson v. Sullivan, 956 F.2d 836, 841 (8th Cir. 1992)(citations omitted).  Given the Court's finding that substantial

-10-

evidence supports the ALJ's determination that Plaintiff is capable of the full range of sedentary work, the Court believes the ALJ properly relied on the Grids, eliminating the need for expert vocational testimony, in concluding that given Plaintiff's age, education, work experience, and capacity for sedentary work, Plaintiff was not disabled.

**IV.    Conclusion:**

      Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision should be affirmed.   The undersigned further finds that the Plaintiff's Complaint should be dismissed with prejudice.

      DATED this 19th day of August, 2015.

/s/ *Erin L. Setser*
_____
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

-11-